UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

---------------------------------------------------------------------- x
                                                :
NINA L. CHURCH,                                 :       **CASE NO. 1:17-cv-10**
                                                :
                    Plaintiff,                  :       **JOINT RULE 26(f) REPORT**
                                                :
        -against-                               :
                                                :
GLAXOSMITHKLINE LLC,                            :
                                                :
                    Defendant.                  :
---------------------------------------------------------------------- x

Pursuant to Fed. R. Civ. P. 26(f), and LR 16.1(b), a meeting was held telephonically between counsel for Plaintiff Nina Church (hereinafter "Plaintiff") and Defendant GlaxoSmithKline, LLC (hereinafter "Defendant" or "GSK," and collectively with Plaintiff, the "Parties") on April 3, 2017. Participating in the conference were James Hubbard, Blaine Bortnick, Krista Bolles, and Peter Fernandez for Plaintiff, and Pressly Millen, Don Innamorato, Nipun Patel, and Kristen Ashe for GSK.

While the Parties disagree regarding the permitted scope of discovery in this ERISA matter, as indicated by their respective positions stated below, they are meeting and conferring on this issue further to determine whether motion practice may be necessary. The Parties agree that, in the event one or more issues remain open to be adjudicated by the Court following these discussions, briefing would be appropriate. Thus, they have incorporated a briefing schedule on a potential threshold motion addressing the scope of permitted discovery under the assumption that the Court's intervention will be needed. The Parties will promptly provide a written report, on or before June 20, 2017, to notify to the Court of the status of their meet and confer efforts. Accordingly, it will not be necessary to address this issue at an in-person scheduling conference.

1. **Discovery Plan:**

    a. The Parties will complete their meet and confer efforts regarding the issue of extra-record discovery and provide a joint report to the Court on or before June 20, 2017 regarding the status of negotiations. Opening briefs on any unresolved issues shall be filed by Plaintiff on or before July 14, 2017. GSK shall file its responsive briefs on or before July 28, 2017. Plaintiff shall file reply briefing, if any, on or before August 4, 2017.

    b. <u>Plaintiff's general position regarding discovery</u>: Plaintiff believes that discovery will be needed on the following subjects:

    i. The entirety of the administrative record, (including, but not limited to, any and all materials that were used by Defendant in its decision to deny Plaintiff severance);

    ii. GlaxoSmithKline LLC's Severance Pay Plan (to the extent such information is not contained in the administrative record;

    iii. Policies concerning the Severance Pay Plan (to the extent such information is not contained in the administrative record);

    iv. Any and all materials concerning Plaintiff's transition from Defendant to her subsequent employer (to the extent such information is not contained in the administrative record);

    v. The Plaintiff's job responsibilities, duties, and title at both Defendant and her subsequent employer (to the extent such information is not contained in the administrative record);

vi. The Plaintiff's compensation and benefits at both Defendant and her subsequent employer (to the extent such information is not contained in the administrative record);

vii. Plaintiff further believes that additional evidence shall be produced if such evidence is necessary to conduct an adequate review of the Defendant's decision regarding the denial of severance to Plaintiff. *See, e.g., Helton v. AT&T Inc.*, 709 F.3d 343, 356 (4th Cir. 2013) ("[A] district court may consider evidence outside of the administrative record on abuse of discretion review in an ERISA case when such evidence…was known to the plan administrator when it rendered its benefits determination…[A]n ERISA plan administrator can be charged with knowledge of information acquired by its employees in the scope of their employment and the contents of its books and records.")

c. Defendant's general position regarding discovery: Plaintiff's sole cause of action in the Complaint is a claim for alleged improper denial of benefits under ERISA § 502(a)(1)(B). There is no reason in this ERISA matter to expand the scope of discovery beyond production and verification of the ERISA Administrative Record underlying Plaintiff's claim. GSK will accordingly produce the Administrative Record for Plaintiff's claim together with a custodian of records affidavit verifying same as part of its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). GSK believes that pretrial management of this case can be analogized to "Social Security cases and other actions for review of administrative decisions" pursuant to Local Rule of Civil Procedure 16.1(a)(1). This is because a comprehensive, final

3

Administrative Record regarding Plaintiff's claims already exists, and the scope of this Court's review is generally limited to that existing Record under the arbitrary and capricious standard applicable to cases like this one. *See*, *e.g.*, *Helton v. AT&T Inc.*, 709 F.3d 343, 352 (4th Cir. 2013) ("Generally, consideration of evidence outside of the administrative record is inappropriate . . . The rationale for this rule is that, to the extent possible, the administration of ERISA plans should be left to plan fiduciaries, not federal courts.") (internal citations omitted).[1] Nevertheless, while preserving its objections above for potential further resolution by the Court, GSK is prepared to consider Plaintiff's proposed discovery requests in good-faith and identify its specific objections, if any, to specific requests.

2. **Case Management Track**

    a. <u>Plaintiff's Position</u>: Discovery shall be placed on a case-management track established in LR 26.1. Plaintiff believes that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as: "Exceptional." Plaintiff believes that the "Exceptional" Track is appropriate because, (i) this matter is one of three related cases which involve the same core facts and legal issues (which the Parties have agreed to discuss consolidating as set forth below), and (ii) counsel for Plaintiff has filed 20 related

---

[1] Significantly, the Severance Pay Plan, attached to GSK's Answer as Exhibit 1 and included in the Administrative Record, provides GSK with absolute discretion to make eligibility determinations. *See* GSK Severance Pay Plan, Interpretation of Plan, at p. 3 ("GlaxoSmithKline reserves the absolute right, discretion, and authority to resolve all questions or disputes regarding an individual's eligibility for severance pay benefits or the amount of any severance pay due under this Plan, to interpret the provisions of this Plan, and to decide any other dispute regarding the rights of employees relative to this Plan. All such determinations made by the company will be binding and conclusive upon all interested parties."). GSK thus believes that any information beyond verification of the contents of the Administrative Record is not relevant to the claims or defenses of any party and is inadmissible as a matter of law.

4

cases (for which Plaintiff will seek consolidation as set forth below). Plaintiff proposes the following case management deadlines:

    i. The date for the completion of discovery (general and expert) is: 150 days from the date the below-referenced consolidation motion is decided.

    ii. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

        a. From Plaintiff by June 30, 2017.

        b. From Defendant by June 1, 2017.

  ii. Supplementations will be provided as in Rule 26(3) or as otherwise ordered by the court.

  iii. Plaintiff will file a motion to consolidate this case with all related cases filed with this Court bearing case numbers "1:17-cv-11, 13, 223, 225-229, 246-250, 264, 265, 283, 284, 286, 287, and 333" for purposes of discovery. Plaintiff proposes that the caption for these consolidated cases shall be "*Church, et. al.*", and will use the case number "1:17-cv-10."[2]

  iv. Any other related case, if filed by Plaintiff's counsel, will be consolidated for discovery in the manner set forth above.

b. <u>Defendant's Position</u>: As explained above, Plaintiff's claim is governed exclusively by ERISA, and resolution of her claim will be based solely on the Court's review of the Administrative Record under the arbitrary and capricious

---

[2] GSK will confer with Plaintiff regarding the motion to consolidate prior to it being filed to determine if the issue of consolidation can be resolved by stipulation.

5

standard. GSK therefore believes this case can be placed on the Standard track and, further, requests the following modifications to this track:

    i. Discovery is limited to the Administrative Record given that Plaintiff's only claim is under ERISA § 502(a)(1)(B). No depositions or expert discovery regarding this claim are permitted or necessary.

    ii. GSK shall produce to Plaintiff with its Initial Disclosures a copy of the Administrative Record for Plaintiff's claim. Defendant's Initial Disclosures shall be submitted on or before June 1, 2017, and Plaintiff's Initial Disclosures shall be submitted on or before June 30, 2017.

    iii. Plaintiff shall file any objection to the completeness of the Administrative Record or motion to settle the Administrative Record on or before September 29, 2017. If no objection or motion is filed on or before September 29, 2017, the Administrative Record served by GSK shall be deemed settled.

    iv. GSK anticipates that the Court will decide Plaintiff's claim following the filing of cross-motions for summary judgment based on the Administrative Record. The Parties shall file their Notice of Dispositive Motion pursuant to L.R. 56.1(a) on or before October 13, 2017. Dispositive motions shall be filed on or before November 7, 2017. Responsive briefs shall be filed on or before December 7,

6

Case 1:17-cv-00010-JEP   Document 9   Filed 04/18/17   Page 6 of 9

2017.  Any reply briefs will be filed no later than December 28, 2017.

      v. GSK shall file the settled Administrative Record with its motion for summary judgment.  To facilitate the Court's review of the settled Administrative Record, the Parties shall work together to draft a consent protective order addressing any confidential or private information in that Record for the Court's review.

3. **Mediation**:  Mediation should be conducted early in the discovery period, the exact date to be set by the mediator after consultation with the parties. Plaintiff has suggested that the mediator be Jonathan R. Harkavy. GSK has suggested that the mediator be Calvin B. Bennett, III. At this point, the Parties are unable to agree upon a mediator, but will continue to engage in good faith discussions in this regard.

4. **Plaintiff's Proposed Deposition Schedule**:
   a. Plaintiff seeks the deposition of the Administrator, or Administrators, of the GSK Severance Pay Plan, in order to determine whether the decision to deny Plaintiff's claim for severance was "the result of a deliberate, principled reasoning process and is supported by substantial evidence." See *Helton* at 351.
   b. For the reasons stated above, GSK does not believe any depositions are permitted or appropriate in this matter.

5. **Other Items**:
   a. Plaintiff should be allowed until May 15, 2017 to request leave to join additional parties or amend pleadings.

b. Defendant should be allowed until June 5, 2017 to request leave to join additional parties or amend pleadings.

c. After these dates, the Court will consider, *inter alia*, whether the granting of leave would be futile, unfairly prejudicial, and/or result in undue delay.

a. The Parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§ 636(c), or appointment of a master. At this time the Parties do not consent to the referral of the case to a Magistrate Judge or seek appointment of a master.

b. Trial of each individual plaintiff's case is expected to take approximately 2 days. The Parties agree that this is a bench trial.

Respectfully submitted, this 18th day of April, 2017.

By: /s/James R. Hubbard
James R. Hubbard
N.C. State Bar No. 13196
Attorney for Plaintiff Nina L. Church
LIDDLE & ROBINSON, L.L.P.
800 Third Avenue
New York, New York 10022
Tel. (212) 687-8500
Fax (212) 687-1500
E-mail: jhubbard@liddlerobinson.com

Of Counsel:
Blaine H. Bortnick*
Krista E. Bolles*
LIDDLE & ROBINSON, L.L.P.
800 Third Avenue
New York, New York 10022
Tel. (212) 687-8500
Fax (212) 687-1500

By: /s/Pressly M. Millen
Pressly M. Millen
N.C. Bar No. 16178
Attorney for Defendant
GlaxoSmithKline LLC
WOMBLE CARLYLE SANDRIDGE
& RICE, L.L.P.
 P.O. Box 831
Raleigh, NC 27602
(919) 755-2135
(919) 755-6067
pmillen@wcsr.com

Of Counsel:
Don Innamorato*
**REED SMITH LLP**
136 Main St.
Suite 250
Princeton, NJ 08540
(609) 987-0050
dinnamorato@reedsmith.com

Nipun J. Patel*
**REED SMITH LLP**
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
(215) 851-8100
npatel@reedsmith.com

*Not admitted in the
Middle District of North Carolina*

9